UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAKEEL AHMED, | No. 2:21-cv-0499 DB |
| Plaintiff, | |
| v. | ORDER |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1] | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[2] Plaintiff's motion argues that the Administrative Law Judge erred with respect to the step two evaluation, the treatment of medical opinion evidence, and in determining plaintiff's residual functional capacity.

////

---

[1] After the filing of this action Kilolo Kijakazi was appointed Acting Commissioner of Social Security and has, therefore, been substituted as the defendant. See 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] Both parties have previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (See ECF No. 7.)

1

For the reasons explained below, plaintiff's motion is granted, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings.

## PROCEDURAL BACKGROUND

In July of 2018, plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"), alleging disability beginning on September 30, 2016.  (Transcript ("Tr.") at 22.)  Plaintiff's alleged impairments included back and leg pain, foot numbness, sleep apnea, and a prostate disorder.  (Id. at 157.)  Plaintiff's application was denied initially, (id. at 82-86), and upon reconsideration.  (Id. at 92-96.)

Plaintiff requested an administrative hearing and a hearing was held before an Administrative Law Judge ("ALJ") on September 17, 2019.  (Id. at 35-60.)  Plaintiff was represented by an attorney and testified at the administrative hearing.  (Id. at 35-39.)  In a decision issued on October 21, 2019, the ALJ found that plaintiff was not disabled.  (Id. at 30.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2020.
>
> 2. The claimant has not engaged in substantial gainful activity since April 11, 2017, the amended alleged onset date (20 CFR 404.1571 *et seq*.).[3]
>
> 3. The claimant has the following severe impairments: degenerative disc disease of the lumbar spine (20 CFR 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).
>
> 5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform work activities with the following limitations: he can lift and carry 20 pounds occasionally and 10 pounds frequently.  He can stand and walk for 6 hours in an 8-hour workday and sit for 6 hours in an 8-hour workday.  In addition, he can only occasionally stoop, kneel, crouch, crawl, and climb ramps, stairs, ladders, ropes, and scaffolds.

---

[3] Plaintiff amended the alleged onset date of disability to April 11, 2017, at the September 17, 2019 hearing.  (Tr. at 38.)

> 6. The claimant is capable of performing past relevant work as an Electromechanical Technician and a Machine Operator. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from April 11, 2017, through the date of this decision (20 CFR 404.1520(f)).

(Id. at 24-30.)

On July 24, 2020, the Appeals Council denied plaintiff's request for review of the ALJ's October 21, 2019 decision. (Id. at 8-13.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on March 18, 2021. (ECF. No. 1.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

////

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff's pending motion argues that the ALJ committed the following three principal errors: (1) the ALJ erred at step two of the sequential evaluation; (2) the ALJ's treatment of the medical opinion evidence constituted error; and (3) the ALJ's residual functional capacity determination was erroneous. (Pl.'s MSJ (ECF No. 18) at 8-15.[4])

**I.   Step Two Error**

Plaintiff argues that the ALJ erred at step two of the sequential evaluation by finding that plaintiff's obstructive sleep apnea was not a severe impairment. (Id. at 8-11.) At step two of the sequential evaluation, the ALJ must determine if the claimant has a medically severe impairment or combination of impairments. Smolen v. Chater, 80 F.3d 1273, 1289-90 (9th Cir. 1996) (citing Yuckert, 482 U.S. at 140-41). The Commissioner's regulations provide that "[a]n impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521(a) & 416.921(a).

---

[4] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

Basic work activities are "the abilities and aptitudes necessary to do most jobs," and those abilities and aptitudes include: (1) physical functions such as walking, standing, sitting, lifting, and carrying; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting.  20 C.F.R. §§ 404.1521(b) & 416.921(b).

The Supreme Court has recognized that the Commissioner's "severity regulation increases the efficiency and reliability of the evaluation process by identifying at an early stage those claimants whose medical impairments are so slight that it is unlikely they would be found to be disabled even if their age, education, and experience were taken into account."  Yuckert, 482 U.S. at 153.  However, the regulation must not be used to prematurely disqualify a claimant.  Id. at 158 (O'Connor, J., concurring).  "An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual[']s ability to work."  Smolen, 80 F.3d at 1290 (internal quotation marks and citation omitted).

"[A]n ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is 'clearly established by medical evidence.'"  Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 85-28); see also Ukolov v. Barnhart, 420 F.3d 1002, 1006 (9th Cir. 2005) (claimant failed to satisfy step two burden where "none of the medical opinions included a finding of impairment, a diagnosis, or objective test results").  "Step two, then, is 'a de minimis screening device [used] to dispose of groundless claims[.]'"  Webb, 433 F.3d at 687 (quoting Smolen, 80 F.3d at 1290); see also Edlund v. Massanari, 253 F.3d 1152, 1158-59 (9th Cir. 2001) (discussing this "de minimis standard"); Tomasek v. Astrue, No. C-06-07805 JCS, 2008 WL 361129, at *13 (N.D. Cal. Feb.11, 2008) (describing claimant's burden at step two as "low").

Here, the ALJ found that plaintiff's "obstructive sleep apnea does not cause more than minimal limitation" in plaintiff's ability to perform basic work activities and that there was "little objective evidence" that the condition was not adequately controlled with treatment, and "little

evidence of significant, ongoing complications related to this condition." (Tr. at 25.) The ALJ's decision cites no evidence to support these assertions. See generally Arnett v. Astrue, 676 F.3d 586, 591-92 (7th Cir. 2012) (ALJ must explain "analysis of the evidence with enough detail and clarity to permit meaningful review").

Moreover, the record contains evidence that contradicts the ALJ's assertions. In this regard, an August 1, 2017 sleep study found that plaintiff suffered from moderate sleep apnea "with an AHI of 23 (normal <5)."[5] (Tr. at 345.) Even with treatment plaintiff had an "Epworth Sleepiness" score of 16, which suggested "excessive sleepiness." (Id.) Medical records noted that plaintiff complained of fatigue. (Id. at 583, 607.) And plaintiff testified at the September 17, 2019, hearing to feeling "tired and sleepy[.]" (Id. at 47.)

As noted above, the ALJ's conclusion that the claimant lacks a medically severe impairment or combination of impairments is valid only when that conclusion is "clearly established by medical evidence." Webb, 433 F.3d at 687. Under the circumstances presented here, the Court cannot say that the ALJ's conclusion that plaintiff's sleep apnea was non severe was clearly established by medical evidence. See Ortiz v. Commissioner of Social Sec., 425 Fed. Appx. 653, 655 (9th Cir. 2011) ("This is not the total absence of objective evidence of severe medical impairment that would permit us to affirm a finding of no disability at step two."); Webb, 433 F.3d at 687 ("Although the medical record paints an incomplete picture of Webb's overall health during the relevant period, it includes evidence of problems sufficient to pass the de minimis threshold of step two."); Russell v. Colvin, 9 F.Supp.3d 1168, 1186-87 (D. Or. 2014) ("On review, the court must determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that Ms. Russell did not have a medically severe impairment or combination of impairments."); cf. Ukolov, 420 F.3d at 1006 ("Because none of the medical opinions included a finding of impairment, a diagnosis, or objective test results, Ukolov failed to meet his burden of establishing disability.").

////

---

[5] AHI measures the number of times per hour a person stops breathing for at least ten seconds. Edwards v. Dart, No. 21 C 5665, 2022 WL 3543474, at *1 (N.D. Ill. Aug. 17, 2022).

1    Nor can the Court find the ALJ's error harmless.  An error is harmless only if it is

2    "inconsequential" to the ALJ's "ultimate nondisability determination."  Stout v. Comm'r, Soc.

3    Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006); see also Molina v. Astrue, 674 F.3d 1104,

4    1115 (9th Cir. 2012) (error harmless if "there remains substantial evidence supporting the ALJ's

5    decision and the error does not negate the validity of the ALJ's ultimate conclusion.").  An ALJ's

6    failure to consider an impairment "severe" at step two is harmless if the ALJ considers all

7    impairments—regardless of severity—in the subsequent steps of the sequential analysis.  See

8    Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007) (finding step two error harmless as the ALJ

9    specifically discussed plaintiff's bursitis and its effects when identifying the basis for limitations

10   in plaintiff's RFC).  Here, the ALJ did not consider plaintiff's obstructive sleep apnea in the

11   subsequent steps of the sequential evaluation.

12   Accordingly, the Court finds that plaintiff is entitled to summary judgment on the claim

13   that the ALJ erred at step two of the sequential evaluation by finding that plaintiff's obstructive

14   sleep apnea was not a severe impairment.

## CONCLUSION

16   After having found error, "'[t]he decision whether to remand a case for additional

17   evidence, or simply to award benefits[,] is within the discretion of the court.'"[6]  Trevizo v.

18   Berryhill, 871 F.3d 664, 682 (9th Cir. 2017) (quoting Sprague v. Bowen, 812 F.2d 1226, 1232

19   (9th Cir. 1987)).  A case may be remanded under the "credit-as-true" rule for an award of benefits

20   where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly

---

[6] Having already identified an error requiring remand, in light of plaintiff's request for remand for further hearing, and review of the record the Court finds it unnecessary to reach plaintiff's remaining claims of error.  See Janovich v. Colvin, No. 2:13-cv-0096 DAD, 2014 WL 4370673, at *7 (E.D. Cal. Sept. 2, 2014) ("In light of the analysis and conclusions set forth above, the court need not address plaintiff' remaining claims of error."); Manning v. Colvin, No. CV 13-4853 DFM, 2014 WL 2002213, at *2 (C.D. Cal. May 15, 2014) ("Because the Court finds that the decision of the ALJ must be reversed on the basis of the stooping limitation, the Court need not address Plaintiff's remaining contentions.").

> discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).

Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, plaintiff argues that this matter should be "remanded for further proceedings including a de novo hearing and new decision." (Pl.'s MSJ (ECF No. 18) at 16.) The Court agrees.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 18) is granted;

2. Defendant's cross-motion for summary judgment (ECF No. 19) is denied;

3. The Commissioner's decision is reversed;

4. This matter is remanded for further proceedings consistent with the order; and

5. The Clerk of the Court shall enter judgment for plaintiff and close this case.

Dated: March 1, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\ahmed0499.ord